UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMUEL SUTTON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-01530-WTL-DML |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, IYC 17-02-0018. The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot. For the reasons set forth below, the respondent's motion to dismiss, Dkt. No.13, is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding IYC 17-02-0018, in which he was found guilty of possession or use of a cellular phone. His sanctions included a deprivation of earned credit time and a credit class demotion. He filed the instant petition for a writ of habeas corpus on May 10, 2017. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on August 9, 2017, vacated the petitioner's disciplinary conviction and sanctions and designated the case for re-hearing.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court

may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

The petitioner opposes the motion to dismiss, arguing that this disciplinary case has already been through one re-hearing and the delay caused by another will make it more difficult for him to present evidence in his defense. While the Court is not unsympathetic to the petitioner's concerns about delay, once an action is moot this Court lacks jurisdiction to render a decision. Here, the petitioner's conviction and sanctions were vacated, and thus there is not currently a disciplinary conviction in effect that affects the duration of his custody. In these circumstances, this Court does not have a legal basis to forbid the respondent from setting the disciplinary case for another re-hearing.

The petitioner also raises the concern that, if he is convicted again, his double jeopardy right will be violated. But the Seventh Circuit has held that "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 Fed. Appx. 855, 858 (7th Cir. 2004); *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) ("Prison discipline, however, does not constitute 'punishment' or 'prosecution' for double jeopardy purposes." (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994))); *see also Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Even if double jeopardy protections applied to prison disciplinary proceedings, this Court has no legal basis to protect him from such violations that may or may not happen in the future. Any such challenge would have to be brought in a new habeas action challenging any subsequent prison disciplinary convictions.

In sum, given that the disciplinary case and resulting sanctions challenged in this action have been vacated, the petitioner's habeas action is moot. *See White*, 266 F.3d at 763. An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/28/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

SAMUEL SUTTON
978655
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168